1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ROY THAYER,<br><br>                    Plaintiff,<br><br>       v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA, a foreign corporation,<br>and IEH AUTO PARTS LLC and THE PEP<br>BOYS – MANNY, MOE & JACK OF<br>DELAWARE LLC,<br><br>                    Defendants. | Case No.<br><br>COMPLAINT FOR FAILURE TO PAY<br>LONG-TERM DISABILITY<br>INSURANCE PLAN BENEFITS,<br>DAMAGES, AND VIOLATION OF<br>THE EMPLOYMENT RETIREMENT<br>INCOME SECURITY ACT (ERISA) |

COMES NOW Roy Thayer, and alleges and states as follows:

## I. PARTIES

1.      The Plaintiff, Roy Thayer, is currently a resident of the City of Tacoma, County of Pierce, State of Washington.  At times material to this claim, the Plaintiff was an employee of The Pep Boys – Manny, Moe and Jack in Washington State, predecessor-in-interest to The Pep Boys – Manny, Moe and Jack of Delaware LLC (hereafter "Pep Boys").  As a Pep Boys employee, Plaintiff was eligible to purchase long-term disability income insurance from Defendant Life Insurance Company of North America ("LINA"), a subsidiary of New York Life Insurance Company ("New

COMPLAINT - 1

**LePLEY LAW FIRM**
**2300 130th Ave NE, Suite A-101**
**Bellevue, WA  98005**
**Tel: (425) 641-5353**
**Fax: (425) 747-0611**

York Life"), the successor-in-interest to Cigna Insurance Company ("Cigna"), pursuant to a group policy sponsored, provided, and paid for in part by Pep Boys and IEH Auto Parts LLC ("IEH Auto Parts") for certain employees of Pep Boys and IEH Auto Parts.

2.      Defendant LINA is a foreign corporation with a principal place of business believed to be at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-2392.  LINA was previously an affiliate of Cigna and is presently a subsidiary of New York Life.  LINA is directly authorized by the Insurance Commissioner of the State of Washington to sell disability and life insurance policies in the State of Washington.  Furthermore, Defendant LINA is the denominated plan administrator and claims fiduciary for a long-term disability benefit insurance plan made available to certain employees of Pep Boys, Plaintiff's employer.  Pep Boys sponsors the plan and is responsible for determining eligibility for purchase of this benefit, premium billing, and issuance of policies.

3.      Defendants IEH Auto Parts and Pep Boys, upon information and belief, and according to summary plan documents and the insurance policy, *have* designated themselves as plan administrator of the Pep Boys long-term disability benefit plan sponsored, purchased, and sold to eligible employees of Pep Boys.

## II.  JURISDICTION

4.      This action is brought by Plaintiff to recover benefits due him under the terms of the long-term disability insurance plan (hereinafter referred to as "Plan") sold by LINA to Pep Boys and established by IEH Auto Parts and Pep Boys under ERISA, 29 U.S.C. Section 1001, *et seq.*, to enforce Plaintiff's right to benefits as authorized by the Plan, and to clarify his right to the amounts he is entitled to receive under said Plan.

COMPLAINT - 2

5.      Jurisdiction is conferred on this Court by ERISA, 29 U.S.C. Section 1001, *et seq.*

6.      At all times relevant to this Complaint, Plaintiff was a beneficiary under the Plan of voluntary long-term disability insurance issued to Pep Boys by LINA for certain employees of Pep Boys.  Said policy was issued under Group Insurance Policy No. VDT-980159 with a plan effective date of January 1, 2017.

7.      The policy issued by LINA was a group insurance offering covering eligible employees with a portion of premiums necessary to effect coverage payable by the employee, who had the option of purchasing this benefit or rejecting it.  A portion of premiums for coverage under this Plan were paid by the employer, Pep Boys.

### III.  OPERATIVE FACTS

8.      Under the terms and conditions of LINA's policy, total disability is defined as follows:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is either:
> 1.  unable to perform all the material duties of his or her Regular Occupation; and
> 2.  unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1.  unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience, and
> 2.  unable to earn 80% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

9.      In or about February or March of 2018, Plaintiff applied for disability benefits under the LINA policy provided by his employer.  The Plaintiff's application

COMPLAINT - 3

LePLEY LAW FIRM
2300 130th Ave NE, Suite A-101
Bellevue, WA  98005
Tel: (425) 641-5353
Fax: (425) 747-0611

for disability benefits was approved and disability benefits were paid until August 26, 2020.  Prior to August 26, 2020, on July 1, 2020, LINA denied ongoing long-term disability benefits under the policy by claiming that Plaintiff was no longer able to meet the definition of disability contained in the LINA policy.  This determination was made despite the fact that Plaintiff has a history of significant long-term medical problems, including severe and often poorly controlled Type 2 diabetes with neurological complications, along with related peripheral vascular disease.  In March of 2018, and subsequent to last working for his employer on February 27, 2018, Plaintiff suffered an acute diabetes-related bone infection in his right big toe that did not respond to antibiotic treatment.  In May of 2018, the infection led to the amputation of both his fourth and fifth toes.  During the spring and summer of 2018, following a further diagnosis of peripheral artery disease in his right leg, Mr. Thayer was repeatedly hospitalized and had bypass surgeries performed on the arteries in his right leg.  Despite weeks of wound care, the surgical wounds failed to heal and became seriously infected.  Additionally, Plaintiff continued to suffer the symptoms of ischemic claudication in his right leg.  Throughout this entire period, he was in severe and agonizing pain, receiving opiate medication on an ongoing basis.  On November 7, 2018, his right leg was amputated above the knee.

10.    Since the amputation of his right leg, Plaintiff suffered and continues to suffer chronic phantom pain and takes Percocet (oxycodone-acetaminophen), an opiate-based pain medication, on a daily basis, as well as sixteen other medications.  Currently, Plaintiff has undergone bypass surgery in his left leg because of the progress of peripheral vascular disease in that extremity and claudication as well.  It is highly likely that this medical condition will worsen and result in the further amputation of his left leg.

COMPLAINT - 4

**LePLEY LAW FIRM**
**2300 130th Ave NE, Suite A-101**
**Bellevue, WA  98005**
**Tel: (425) 641-5353**
**Fax: (425) 747-0611**

11.     In August of 2018, Plaintiff was granted Social Security disability benefits based on an application for benefits that was filed in February of 2018.  In fact, the Social Security Administration ("SSA") determined that the Plaintiff was disabled as of February 27, 2018.

12.     On February 25, 2021, Plaintiff filed a written appeal with LINA, and over a period of approximately four months, filed additional supplemental materials indicating that Plaintiff's medical condition was continuing to deteriorate and worsen, and indicating that there were no jobs for which the Plaintiff was competitively able to perform considering the severity of his ongoing illness. Despite overwhelming medical evidence to support such a contention, Defendant LINA concluded that no additional disability benefits were payable on the claim to Plaintiff.

13.     At all times material herein, and prior to filing suit in this matter, the Plaintiff has exhausted all of his administrative remedies authorized by the long-term disability benefit Plan with LINA.

14.     The Plaintiff maintains that he has been totally disabled and unable to work since February 27, 2018 and, in any event, since August 26, 2020, and that he has submitted proper proof of her disability to LINA and their claims representatives.  LINA, by the terms of its Plan with Pep Boys, claims that they have full authority to decide and resolve all claims for long-term disability benefits, to review such claims, and to determine claims appeals, and that they are in fact acting as a plan fiduciary as defined by ERISA.  The Plaintiff in this action maintains that LINA has failed to discharge its duties as a plan fiduciary in violation of 29 U.S.C. Sections 1004, 1132, 1133 and 1140, and that Plaintiff is thereby entitled to the relief authorized by 29 U.S.C. Section 1132, which includes payment

COMPLAINT - 5

LePLEY LAW FIRM
2300 130th Ave NE, Suite A-101
Bellevue, WA  98005
Tel: (425) 641-5353
Fax: (425) 747-0611

of benefits under the long-term disability benefits Plan sponsored by Pep Boys for its employees.

15.    Pep Boys, by the terms of its Plan, is denominated as the plan administrator and, as such, it has failed to discharge its duties as plan administrator in violation of 29 U.S.C. Sections 1104, 1132, 1133 and 1140, and Plaintiff is thereby entitled to relief authorized by 29 U.S.C. Section 1132 against the plan administrator as well in this matter.

16.    The Plaintiff further maintains that both Defendants have failed to pay benefits due him under the long-term disability benefits Plan and that the Plaintiff has sustained damages as a result thereof, and is entitled to relief under 29 U.S.C. Section 1132, including recovery of attorneys' fees and costs in prosecuting this action for benefits, and that Plaintiff is further entitled to equitable relief and remedies as authorized by 29 U.S.C. Section 1132.

17.    As a separate claim in this matter, Plaintiff alleges that Defendants have specifically violated 29 U.S.C. Section 1133 by continuing to receive offset monies from the SSA despite the fact that Plaintiff has not been paid long-term disability benefits pursuant to the Plan since August 26, 2020.  As additional relief, Plaintiff requests that the Court order and require LINA to conduct a full accounting of the amount of benefits payable to Plaintiff since August of 2020, including, if necessary, ordering the administrative record to be reopened to allow for discovery and inquiry with respect to this aspect of Plaintiff's claim.

18.    Plaintiff in this matter maintains that, in any event, he continues to remain disabled and unable to work, and meets the definition of "disability" as set forth in the LINA policy.

COMPLAINT - 6

**LePLEY LAW FIRM**
**2300 130th Ave NE, Suite A-101**
**Bellevue, WA  98005**
**Tel: (425) 641-5353**
**Fax: (425) 747-0611**

## IV.  *DE NOVO* STANDARD OF REVIEW

19.    Pursuant to Washington Administrative Code Section 284-96-012 and *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, Slip Copy, 2011 WL 617384, W.D. Wash., February 10, 2011 (NO. C10-484 RSL), the Defendants' denial of Plaintiff's claim for long-term disability benefits is subject to a *de novo* standard of review by this Court.

WHEREFORE, Plaintiff prays for the following relief:

1.    For an Order and Judgment of this Court requiring Defendant LINA to pay long-term disability benefits to the Plaintiff as contemplated and authorized by the Pep Boys' long-term disability benefits insurance Plan provided to Plaintiff by LINA as an employee of Pep Boys;

2.    That an Order and Judgment be entered requiring Defendant LINA to pay long-term disability benefits to Plaintiff as contemplated and authorized by the Pep Boys' long-term disability insurance Plan sold by LINA to Pep Boys and administered by LINA as a plan fiduciary and claims fiduciary;

3.    That Plaintiff be awarded prejudgment interest with respect to the unpaid benefits due up and through the time of trial and/or other determination in this matter that Plaintiff is entitled to said benefits;

4.    That Plaintiff receive and be awarded statutory and reasonable attorney's fees and costs as authorized by 29 U.S.C. Section 1132;

5.    For equitable relief as authorized 29 U.S.C. Section 1132; and

6.    For such other and further relief as the Court deems just and appropriate in this matter.

COMPLAINT - 7

LePLEY LAW FIRM
2300 130th Ave NE, Suite A-101
Bellevue, WA  98005
Tel: (425) 641-5353
Fax: (425) 747-0611

DATED this 28th day of September, 2021.

LePLEY LAW FIRM


/s/ Patrick H. LePley
Patrick H. LePley, WSBA #7071
Attorney for Plaintiff(s)

COMPLAINT - 8

**LePLEY LAW FIRM**
**2300 130th Ave NE, Suite A-101**
**Bellevue, WA  98005**
**Tel: (425) 641-5353**
**Fax: (425) 747-0611**